Bowen, J. (Dissenting.)
 

 Hillman, by his marriage, which took place in 1838, became the owner of his wife’s interest in personal estate of her former husband, or at least it became his when reduced to possession. He had the right to reduce it to possession at any time, and to
 
 *275
 
 assign, sell and dispose of it before it was reduced to possession ; and her share of the rents and profits of the real estate became his absolutely. The contract between him and the administrator, if it did not operate as a transfer of his wife’s share.of the personal estate to the appellant’s ward and her brother, in whose behalf the administrator acted in making the contract, was an acknowledgment, on his part, that he had received such share in full, and was evidence before the surrogate that such was the fact. So far as related to the rents and profits of the real estate, the contract operated as a release of his interest therein, and as the administrator, in making the contract, assumed to act in behalf of the appellant’s ward and her brother, who were then infants; the release enured to their benefit.
 

 It is true that the administrator, as such, had no authority to interfere with the real estate left by his intestate, or with the rents and profits thereof, or to bind the infant children of the intestate by any contract relative to their shares of the personal estate; but he undertook to contract in relation thereto, and bound himself personally. Hillman, the other contracting party, therefore was bound; and as the terms of the contract had been complied with, by the parties thereto, to the time the appellant was appointed guardian, the latter then had no right to disaffirm it when such disaffirmance was detrimental to the interests of his ward. That it was thus detrimental must have been perfectly apparent to the appellant at the time he paid to Mrs. Hillman or accounted to her for the whole amount he had received from the administrator, when by the terms of the contract the whole belonged to his ward and her brother, except, perhaps, that part thereof which Mrs. Hillman, or her husband in her right, was entitled to as heir and next of kin of her deceased daughter; that the appellant was then aware of the existence of the contract is not questioned. But the husband of the appellant’s ward was present when the appellant accounted to and settled with Mrs. Hillman
 
 *276
 
 for the funds received of the administrator, and assented to such settlement; and it is contended that he and his wife are therefore bound thereby, or at least are estopped from calling in question its correctness. The only question at issue on that settlement was, whether the-, appellant had accounted for all the funds received by him of the administrator, it being assumed that the whole, be it more or less, belonged to Mrs. Hillman. The rights and interests of the respondents were not in question. Neither of the respondents was a party to the settlement, and therefore neither is bound by it; and as the appellant and Mrs. Hillman had, at least, the same knowledge of the rights of the respondents as the latter had, and as the settlement was not in the least influenced by any act or declaration of either of the respondents, there is no estoppel in the case.
 

 I think the surrogate was right in charging the appellant with two-ninths of the amount received of the administrator.
 

 The only other point made by the appellant on the argument was, that the surrogate erred in charging him personally with the costs of the proceedings on the settlement The costs were in the discretion of the surrogate; and as the appellant did not in his account charge himself with any part of the moneys received by him of Anthony, the administrator, which rendered it necessary for the respondents to produce the requisite evidence to charge him, the surrogate was right in charging him with the costs of the proceedings, at least there was no abuse of discretion in doing so.
 

 I think that the judgment should be affirmed, with costs, and the proceedings remitted.
 

 Judgment of the Supreme Court and of the surrogate reversed; account to be restated, costs to abide event.